IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| SOPHANNARY CHEY, on behalf of herself | : | CIVIL ACTION |
| and similarly situated employees, | : | |
| Plaintiff, | : | FIELD ELECTRONICALLY |
| v. | : | ON APRIL 18, 2022 |
| | : | |
| AGING WITH CARE INC., | : | CLASS/COLLECTIVE ACTION |
| Defendant. | : | |
| | : | JURY TRIAL DEMANDED |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Sophannary Chey ("Plaintiff") brings this lawsuit against Aging with Care Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Philadelphia, PA (Philadelphia County).

5. Defendant is a corporate entity headquartered in Philadelphia, PA (Philadelphia

County).

6.      Plaintiff is an employee covered by the FLSA and PMWA.

7.      Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8.      Defendant owns and operates a business that provides "home care" services to clients in and around Southeastern Pennsylvania.

9.      Defendant employs workers who are paid on an hourly basis to provide home care services to Defendant's clients.  We will call these individuals "home care workers."

10.     Plaintiff was employed by Defendant as a home care worker from approximately November 2019 until approximately February 2022.

11.     Like other home care workers, Plaintiff often worked over 40 hours per week.

12.     Defendant paid Plaintiff and other home care workers an hourly wage for their work.  For most of Plaintiff's employment, Defendant paid her a straight-time wage of $11.00/hour.

13.     Plaintiff often provided home care services to two separate clients during the same week.  For example, during much of her employment, Plaintiff spent 42 hours providing services to Client A and 42 hours providing services to Client B.[1]  During such weeks, Defendant paid Plaintiff: (i) straight-time wages (calculated at $11.00/hour) for 40 hours during which Plaintiff provided services to Client A; (ii) "time and one-half" overtime wages (calculated at $16.50/hour) for 2 hours during which Plaintiff provided services to Client A; (iii) straight-time wages (calculated at $11.00/hour) for 40 hours during which Plaintiff provided services to Client B; and (iv) "time and one-half" overtime wages (calculated at $16.50/hour) for

---

[1]   Plaintiff will refrain from disclosing the names of these clients in this public filing.

2 hours during which Plaintiff provided services to Client B.  As a result, Plaintiff received only 4 hours of "time and one-half" overtime wages even though she worked 84 total hours (including 44 overtime hours) during the week.

14.     Upon information and belief, Defendant utilized the general pay policy described in paragraph 13 in paying other home health workers who provided services to two or more clients during the same week.

## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23.  She sues on behalf of all individuals employed by Defendant or any of its corporate owners or affiliates since April 18, 2019 to provide home care services.

16.     Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common pay policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

17.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

18.     The class, upon information and belief, includes over 30 individuals who are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

19.     Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

20.     Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

21.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common pay policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

22.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

23.     The FLSA requires that employees receive overtime compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

24.     In determining an employee's overtime pay under the FLSA, "the employer must total all the hours worked by the employee for [the employer] in that workweek (even though two or more unrelated job assignments may have been performed), and pay overtime compensation for each hour worked in excess of [40 hours.]"  29 C.F.R. § 778.103.

25.     In implementing the pay policy described in paragraph 13, Defendant violated the FLSA.  For example, under the scenario described in paragraph 13, Plaintiff should have received "time and one-half" overtime compensation for 44 hours rather than 4 hours.

26.     Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

4

## COUNT II – PMWA

27.     The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

28.     The general rule described in paragraph 24 applies to determinations of overtime pay under the PMWA.

29.     In implementing the pay policy described in paragraph 13, Defendant violated the FLSA.  For example, under the scenario described in paragraph 13 above, Plaintiff should have received "time and one-half" overtime premium compensation for 44 hours rather than 4 hours.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A.     Unpaid overtime wages and prejudgment interest;

B.     Liquidated damages to the fullest extent permitted under the FLSA;

C.     Litigation costs, expenses, and attorneys' fees; and

D.     Such other and further relief as the Court deems just and proper.

Date:  April 18, 2022                                             Respectfully,

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

5

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act
("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying
FLSA action.  I understand that I will be bound by the judgment of the Court on all
issues in this case.

Signature

Print Name